# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0704 | **DATE** | February 4, 2008 |
| **CASE TITLE** | U.S. ex rel. Donald Mascio (#B-15769) vs. Roger Walker, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* [#2] is granted. However, the petitioner is ordered to show good cause in writing why his petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Donald Mascio, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his robbery conviction on the grounds that: (1) the criminal proceedings denied him due process; and (2) the imposition of two concurrent terms for a single offense violated the double jeopardy clause.

The petitioner having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. However, the petitioner is ordered to show good cause in writing why the petition should not be stayed or summarily dismissed for failure to exhaust state court remedies prior to filing suit.

An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). In the case at bar, the petitioner (who was convicted on October 24, 2007) states that he has not filed a direct appeal; furthermore, there is no indication that he has pursued collateral relief by filing a post-conviction petition or state habeas petition.

Exhaustion entails "one complete round" of the state appellate process. *See, e.g., McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999). If the petitioner has failed to exhaust available state court remedies, his federal habeas petition is not ripe for review. *See, e.g., United States ex rel. Bailey v. Riker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007) (Gottschall, J.); *United States ex rel. Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (Pallmeyer, J.).
**(CONTINUED)**

mjm

**STATEMENT (continued)**

For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas review. Failure to demonstrate exhaustion within twenty-one days of the date of this order will result in summary dismissal of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

As a final concern, the court notes that the petitioner's i.f.p. application contains a request for "immediate release" because prison officials have purportedly failed to calculate his sentence correctly. After exhausting state court remedies, the petitioner must file a separate habeas petition in the U.S. District Court for the Central District of Illinois (or the district of his confinement, if he is transferred in the interim) regarding the computation of his sentence. The court cannot, in the context of one habeas action, consider both the validity of the petitioner's conviction and the execution of his sentence.